IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIS BONDS, # 215403, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:15cv389-WKW |
| | ) (WO) |
| JEFFERSON S. DUNN, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed on June 2, 2015, through counsel, by petitioner James Willis Bonds ("Bonds"). (Doc. No. 1.) Bonds, an Alabama prisoner, challenges the sentence of life without the possibility of parole entered against him in May 2005 as a result of his conviction in the Circuit Court of Houston County for the offense of capital murder.[1] He argues that his life sentence without the possibility of parole violates the Eighth Amendment

---

[1] A jury convicted Bonds of this crime on October 10, 2002, which was a capital offense because it was committed during the course of a robbery.  The jury, by a vote of 10-2, recommended that Bonds be sentenced to death.  On November 12, 2002, the trial court imposed a death sentence on Bonds.  Bonds appealed.  During the pendency of the appeal, the United States Supreme Court issued its decision in *Roper v. Simmons*, 543 U.S. 551 (2005), which holds that under the Eighth and Fourteenth Amendments the death penalty may not be imposed on offenders who were under the age of 18 at the time they committed their crimes.  As a result of the *Roper* decision, the Alabama Court of Criminal Appeals remanded Bonds's case to the trial court, directing that court to vacate Bonds's death sentence and re-sentence him to life imprisonment without the possibility of parole in light of the fact that he was 16 years of age when he committed his offense and, thus, not eligible for the death penalty under *Roper*. *See Bonds v. State*, 937 So.2d 112 (Ala. Crim. App. 2005).  In May 2005, the trial court re-sentenced Bonds to life imprisonment without the possibility of parole.

in light of the United States Supreme Court's holding in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012) (holding that mandatory imposition of life imprisonment without the possibility of parole for juvenile offenders sentenced as adults violates the Eighth Amendment).[2]

## II. DISCUSSION

The records of this court indicate that on April 19, 2012, Bonds filed a previous petition for habeas corpus relief under 28 U.S.C. § 2254 challenging the same sentence of life without parole entered against him in May 2005 by the Circuit Court of Houston County. *See Bonds v. Davenport, et al.*, Civil Action No. 1:12cv376-WHA, Doc. No. 1. In that previous habeas action, on June 5, 2014, this court denied Bonds relief and dismissed the case with prejudice on the ground that Bonds failed to file the § 2254 petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).[3] *See id.*, Doc. Nos. 24-26.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[2] The United States Supreme Court recently granted a petition for writ of certiorari in *Montgomery v. Louisiana*, No. 14–280, which presents the question of whether *Miller* should be applied retroactively. (*See State v. Montgomery* (La. 2014) 141 So.3d 264, cert. granted Mar. 30, 2015, sub nom. *Montgomery v. Louisiana* (2015) ___ U.S. ___, 135 S.Ct. 1546.)

[3] The dismissal of a § 2254 petition for tardiness under § 2244(d) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1) through (4). *Murray v. Greiner*, 394 F.3d 78. 79 (2d Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[4]  28 U.S.C. § 2244(b)(3)(B) & (C).

The record establishes that Bonds has not received an order from a three-judge panel

---

[4] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief.  (*See* Doc. No. 2 at 1-2.)  "Because this undertaking [is a successive] habeas corpus petition and because [Bonds] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus must be denied and this case summarily dismissed.  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Bonds be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Bonds has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that **on or before July 7, 2015**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of June, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE